OPINION
Defendant-appellant Stephen J. Arthur appeals the September 29, 1998, Judgment Entry of the Juvenile Division of the Delaware County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On December 9, 1987, appellee filed a complaint against appellant to establish paternity as to her minor daughter (case number 87-12-833-P) and a complaint against appellant to establish paternity as to her minor son (case number 87-12-834-P). Both complaints were filed in the Juvenile Division of the Delaware County Court of Common Pleas. Pursuant to a Judgment Entry filed on March 2, 1988, the Court found by a preponderance of the evidence that appellant, who admitted to being the father, was the father of appellee's two minor children. The court also awarded appellee custody. On April 18, 1990, the parties filed a Motion for Joint Custody, attaching a Joint Custody Plan which provided that during the school term, the two children would reside with appellant whereas when school was not in session, the children would reside with appellee. Subsequently, the trial court, pursuant to an entry filed on May 18, 1990, approved the Joint Custody Plan. Appellee, on April 29, 1997, filed a Motion to Modify or Terminate [the] Shared Parenting Plan. Child custody affidavits also were filed. Appellee, in her motion, requested that the Shared Parenting Plan be modified or terminated to provide for her to be the residential parent and legal custodian during the school year. Appellee stated that although the joint custody plan provided for the children to reside with appellant during the school term, since the plan was approved, the children had, at intervals, been living with her and enrolled in the school near her and, at appellant's request, had been living with her and enrolled in school in her area since January, 1997. Moreover, appellee, in her motion, indicated that she believed the school changes were not in the children's best interests. A temporary order was filed on April 30, 1997, designating appellee the residential parent for school purposes pending further hearing since the parties were unable to resolve the matter. After a hearing was held on May 28, 1997, the Magistrate, pursuant to a decision filed on July 3, 1997, stated that appellee would remain designated residential parent pending further hearing since the parties were unable to reach a resolution. A Judgment Entry adopting the Magistrate's Decision was filed by the trial court on July 3, 1997. Following a hearing held on December 17, 1997, the Magistrate, pursuant to a decision filed on January 16, 1998, held that appellee's Motion to Modify or Terminate the Shared Parenting Plan would be held in abeyance for three months. The Magistrate also designated appellant the residential parent for school purposes. The trial court adopted the Magistrate's Decision pursuant to a Judgment Entry filed on January 16, 1998. A contested hearing on appellee's Motion to Modify or Terminate the Shared Parenting Plan was finally held on May 18, 1998, before Magistrate Terrie L. Clinger. After hearing the testimony presented on May 18, 1998, the Magistrate took the matter under advisement. Pursuant to a decision filed on June 26, 1998, the Magistrate recommended that appellee's motion be granted and that the joint custody plan be terminated. The same day, a Judgment Entry was filed by the trial court adopting the Magistrate's Decision. On July 2, 1998, appellant filed Objections to the Magistrate's Decision and also a Request for Finding[s] of Fact and Conclusions of Law. Appellant, on September 18, 1998, filed his supplemental memorandum to his objections to the Magistrate's Decision. On September 28, 1998, the Magistrate filed Finding[s] of Fact and Conclusion[s] of Law. Pursuant to a Judgment Entry filed on September 29, 1998, the trial court overruled appellant's objections to the Magistrate Decision, finding that there was "no apparent abuse of discretion by the Magistrate". It is from the September 29, 1998, Judgment Entry that appellant prosecutes this appeal raising the following assignments of error:
 I THE TRIAL COURT ERRED BY ACCEPTING THE MAGISTRATE'S DECISION AS SAID DECISION DOES NOT COMPLY WITH THE LAW REGARDING A CHANGE OF CUSTODY.
 II THE TRIAL COURT ERRED BY ACCEPTING THE MAGISTRATE'S DECISION AS SAID DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant, in his two assignments of error, argues that the trial court erred in adopting the Magistrate's Decision since such decision does not comply with the law and is against the manifest weight of the evidence. However, this court cannot reach the merits of appellant's arguments since the trial court applied the wrong standard of review in reviewing the Magistrate's Decision. The trial court overruled the appellant's objections to the Decision of the Magistrate when the trial court found there was "no apparent abuse of discretion by the Magistrate." We find that this is an incorrect standard of review for the trial court to use in evaluating objections to a Decision of the Magistrate. We find that the trial court, when objections have been filed, should evaluate the Decision of the Magistrate de novo. Civ. Rule 53 was amended effective July 1, 1995. Civil Rule 53(E)(4) now provides, in relevant part, as follows: "(a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision. (b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proferred upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
While there is no standard of review set forth in Civil Rule 53(E)(4)(b), we agree with the reasoning set forth in DeSantis v. Soller (1990), 70 Ohio App.3d 226, 232, citing Normandy Place Assoc. v. Beyer (1982), 2 Ohio St.3d 102 when the court stated "[i]t is the primary duty of the court, and not the referee [or magistrate] to act as a judicial officer." Therefore, the court (the judge) must review the Decision of the Magistrate, after objections have been filed, with a fresh look, in other words de novo. We acknowledge that the DeSantis, supra case applied Civil Rule 53 as it was in effect at that time (in 1990). However, the language in the former Civil Rule 53(E)(2) indicated that "[u]pon consideration of the objections, the court may adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself." This language is almost identical to the current Civil Rule 53(E)(4)(b). The former rule did require that the referee's findings of fact must be sufficient for the court to make an "independent analysis" of the issues and to apply appropriate rules of law in reaching a judgment order. (Former Rule 53(E)(5)). However, the former Rule 53 required a much closer look by the trial court at the referee report when no objections were filed than does the current Rule 53. Current Rule 53 indicates that the Magistrate must only issue findings of fact if required by law or requested by a party. (Rule 53(E)(2)) The current rule also indicates "[t]he court may adopt the Magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the Magistrate's decision. (Rule 53(E)(4)(a)) Therefore, even though DeSantis was a case decided prior to the amendment of Civil Rule 53, we find that the requirement that the trial court make a de novo review of the law and facts before the Magistrate whenever there is an objection filed to a Decision of the Magistrate is still sound reasoning.
Since the trial court applied the wrong standard of review, the judgment of the Juvenile Division of the Delaware County Court of Common Pleas is reversed. This matter is remanded to the trial court for redetermination.
By Edwards, J. Wise, P. J. and Hoffman, J. Concur